IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00096-REB-MJW

ROBERT WAYNE JOHNSON,

Plaintiff,

v.

JOHN SUTHERS, Attorney General of Colorado,
individually and in his official capacity;
JOHN HICKENLOOPER, Governor of Colorado,
individually and in his official capacity;
BILL RITTER, former Governor of Colorado,
individually and in his official capacity;
REGGIE BICHA, Executive Director, Colorado Department of Human Services,
individually and in his official capacity;
KAREN BEYE, former Executive Director, Colorado Department of Human Services,
individually and in her official capacity;
MARY ANN HICKS, Administrative Program Specialist, Colorado Division of Child
Support Enforcement, individually;
MARDI HOUSTON, Evaluation Specialist, Colorado Division of Child Support
Enforcement, individually;
BOARD OF COUNTY COMMISSIONERS, EL PASO COUNTY, COLORADO,
in their official capacities;
BILL LOUIS, County Attorney of El Paso County, Colorado,
individually and in his official capacity;
RICHARD BENGTSSON, Director, El Paso County Department of Human Services,
individually and in his official capacity;
TONI HERMAN, El Paso County Department of Human Services, individually;
LAURA DAVIDSON, former employee of Policy Studies Inc., individually;
CLAUDIA SMITH-SWAIN, former employee of Policy Studies Inc., individually;
JONICA BRUNNER, former employee of Policy Studies Inc. and current employee of
Young Williams, P.C., individually;
MELISSA BALQUIN, former employee of Policy Studies Inc. and current employee of
Young Williams, P.C., individually;
POLICY STUDIES INC.;
JEFF BALL, current employee of Young Williams, P.C., individually; and
YOUNG WILLIAMS, P.C.,

Defendants.

**RECOMMENDATION ON
(1) DEFENDANT YOUNG WILLIAMS, P.C.'S, AND DEFENDANT JEFF BALL'S
MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) (Docket No. 15),
(2) STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR
A MORE DEFINITE STATEMENT (Docket No. 17),
(3) MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS TO DEFENDANTS BOARD
OF COUNTY COMMISSIONERS OF EL PASO COUNTY, WILLIAM LOUIS, TONI
HERMANN AND RICHARD BENGTSSON (Docket No. 19),
AND
(4) DEFENDANTS POLICY STUDIES INC.'S, MELISSA BALQUIN'S, AND JONICA
BRUNNER'S MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST THEM (Docket
No. 34).**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on January 18, 2012. (Docket No. 3).

**PLAINTIFFS' ALLEGATIONS**

*Pro se* plaintiff Robert Wayne Johnson's Complaint (Docket No. 1) is 154 pages long, contains 379 numbered paragraphs, and is verbose in nature. The court will not attempt to summarize the entirety of the allegations in plaintiff's complaint. However, based on the complaint and plaintiff's responses to defendants' motions to dismiss, the following is a condensed synopsis of plaintiff's action.

As part of El Paso District Court Case No. 1996DR1112, plaintiff was ordered to pay child support. On September 17, 2008, plaintiff's ex-wife instituted a child enforcement case to collect back child support from plaintiff. As part of the process, plaintiff's ex-wife filled out a statement of custody which indicated that plaintiff had paid

$450 per month in child support beginning shortly after the divorce decree was entered up until June 2005. From June 2005 through September 2008, plaintiff's ex-wife indicated that no child support payments had been made. On October 10, 2008, plaintiff was informed that he owed $16,071.60 in back child support, calculated as of September 30, 2008.

Plaintiff's dispute revolves around a three year period in which plaintiff had custody of his child. Specifically, plaintiff claims his ex-wife falsely stated to child support enforcement that the child had been in custody with her since birth, when in fact plaintiff had custody of the child from January 2005 to December 2007. Despite having custody of the child beginning in January 2005, plaintiff apparently continued to pay child support through June 2005. Starting in July 2005, plaintiff stopped making child support payments. Plaintiff thus contends that he should have been credited thirty months (July 2005 through December 2007) worth of payments, or $12,864.00, toward the amount owed.

On January 18, 2009, plaintiff received notice that his driver's license was to be suspended for failure to pay the back child support. Pursuant to the notice, plaintiff requested a formal administrative review of his child support obligation. After review, the previous calculation of arrears was not reduced. Additionally, $15,000 in unpaid temporary spousal and child support from 1996 was added to the amount owed.

Plaintiff appealed the county level review to the Colorado Division of Child Support Enforcement. The review, dated June 29, 2009, determined that plaintiff was entitled to a $7,500 credit towards the amount owed due to the fact that plaintiff had paid off his ex-wife's mortgage in lieu of temporary spousal support. The county level

4

calculation of back child support owed was otherwise unchanged.  Consequently, Plaintiff's driver's license was suspended on September 21, 2009.

Undaunted, plaintiff filed a motion to modify child support in El Paso County District Court Case No. 1996DR1112 on September 21, 2009.  Meanwhile on October 31, 2009, $16,409.80 was seized from plaintiff's investment account in partial satisfaction of back child support owed.  On January 13, 2010 a hearing on plaintiff's motion to modify child support was held.  On March 26, 2010 an order was entered by District Court Magistrate Candea-Ramsey establishing the amount owed as $13,128.20 as of January 31, 2010.  Pursuant to the Colorado Rules for Magistrates Rule 7, plaintiff filed a petition for review.  The order was affirmed by District Court Judge Deborah Grohs on June 15, 2010.

Throughout plaintiff's exhaustive description of the above events, plaintiff notes alleged wrongful acts by various parties.  Plaintiff also describes in great detail additional steps he has taken subsequent to June 2010 to address his various grievances, including: (1) mass mailings to various state and federal officials; (2) attending and speaking at multiple Board of County Commissioners meetings; (3) attempting to have plaintiff's ex-wife charged with first degree perjury; (4) filing judicial misconduct allegations against various judicial officers with the Colorado Commission on Judicial Discipline; (5) filing disciplinary complaints against various attorneys with the Colorado Supreme Court; and (6) outreach to various media outlets.

On July 8, 2011, plaintiff filed a civil complaint against his ex-wife in El Paso County District Court Case No. 2011CV229.  Plaintiff later amended his complaint to add several defendants who are currently named as defendants in the present matter.

5

In the case before this court, Claim One asserts that the Colorado Department of Human Services and the El Paso County Department of Human Services have an unwritten policy to deny plaintiff's rights, privileges, and immunities in violation of the 14th Amendment and 42 U.S.C. § 1983, and that such policy has violated, and threatens to continue to violate, plaintiff's civil rights.

Claim Two asserts that the Colorado Department of Human Services and the El Paso County Department of Human Services have an unwritten policy to deny plaintiff's rights, privileges, and immunities in violation of Article II, Sections 6 and 25 of the Constitution of the State of Colorado, and that such policy has violated, and threatens to continue to violate, plaintiff's civil rights.

Claim Three asserts that the Colorado Department of Human Services and the El Paso County Department of Human Services have an unwritten policy to deny plaintiff's rights, privileges, and immunities in violation of the 14th Amendment, and that such policy has violated, and threatens to continue to violate, plaintiff's right to a fair, just, and speedy resolution of his dispute. Plaintiff also asserts that the cases presently before the El Paso County District Court (Case Nos. 1996DR1112 and 2011CV229) must be enjoined as "bad faith, harassment, and extraordinary" exceptions to 28 U.S.C. § 2283.

Claim Four asserts that defendants acted with willful and wanton indifference to the deprivation of plaintiff's civil rights by conspiring together in violation of the 14th Amendment, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

**PENDING MOTIONS**

Now before the court for a report and recommendation are the following four dispositive motions**:** (1) Defendant Young Williams, P.C.'s, and Defendant Jeff Ball's

Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 15); (2) State Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 17); (3) Motion to Dismiss Plaintiff's Complaint as to Defendants Board of County Commissioners of El Paso County, William Louis, Toni Hermann and Richard Bengtsson (Docket No. 19); and (4) Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion to Dismiss Plaintiff's Claim Against Them (Docket No. 34). Plaintiff filed a response to each of the motions (Docket Nos. 24, 28, 29, and 44). Three replies were filed (Docket Nos. 31, 32, and 58). In addition, with court approval (Docket No. 50), Policy Studies Inc., Melissa Balquin, and Jonica Brunner filed a supplement (Docket No. 57) to their motion to dismiss.

    The court has carefully considered the Complaint and the above-mentioned motions, responses, and replies. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

    Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court

may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se*. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se*

9

litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**ROOKER-FELDMAN DOCTRINE**

Under 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). The Rooker-Feldman doctrine stems from two United States Supreme Court cases which interpret this limitation on the review of state court judgments. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The Rooker-Feldman doctrine precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Tal v. Hogan, 453 F.3d 1244, 1255-56 (10th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Accordingly, the doctrine forecloses on "appellate review of [a] state judgment in a United States district court, based on the losing party's

claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). The doctrine "applies only to suits filed after state proceedings are final." Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). Challenges brought pursuant to the Rooker-Feldman doctrine are challenges to a federal district court's subject matter jurisdiction. Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1147 (10th Cir. 2004).

The Rooker-Feldman doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the state court judgment. Tal, 453 F.3d at 1256. "A claim is inextricably intertwined if 'the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*.'" Id. (quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)). "[I]f a favorable resolution of a claim would upset a [state court] judgment, the claim is [barred under the Rooker-Feldman doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying judgment issue was not raised or addressed in the state court that handed down the judgment." Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1140 (10th Cir. 2006). However, if the plaintiff presents an *independent* claim, even if it denies a legal conclusion that a state court has reached, the federal district court has jurisdiction. Id. at 1143 (citing Exxon, 544 U.S. at 1527).

None of the defendants argue that plaintiff's claims should be dismissed pursuant to the Rooker-Feldman doctrine. However, the court may consider the Rooker-Feldman doctrine *sua sponte* since it implicates the court's subject matter jurisdiction. See Cory v. Fahlstrom, 143 Fed. Appx. 84, 87 n.1 (10th Cir. 2005) (citing Pittsburg Cnty. Rural

11

Water Dist. No. 7 v. City of McAlester, 358 F.3d 697, 706 (10th Cir. 2004)).  The court suspects that defendants neglected to address the Rooker-Feldman doctrine because this matter was brought prior to a final judgment in El Paso County District Court Case No. 2011CV229.  However, the court need not concern itself with 2011CV229; plaintiff's claims are barred under the Rooker-Feldman doctrine due to plaintiff's motion to modify child support in 1996DR112.

A hearing on plaintiff's motion to modify child support was held on January 13, 2010 and an order was entered on March 26, 2010.  Plaintiff sought review of this order with a district court judge.  The order was affirmed on June 15, 2010 by District Court Judge Grohs.  Plaintiff could have appealed the order to the Colorado Court of Appeals by filing a notice of appeal within forty-five days.  See Colo. App. R. 4(a).  Because plaintiff did not file a notice of appeal, the state proceeding regarding plaintiff's motion to modify child support was final as of July 30, 2010.  See In re Marriage of Barber, 811 P.2d 451, 454 (Colo. 1991) (stating that a judgment becomes "final after the period in which to perfect an appeal expire[s]").  Plaintiff's complaint in this matter was filed on January 13, 2012.  Accordingly, plaintiff filed suit after the state proceeding was final, and the Rooker-Feldman doctrine's finality requirement is met.

It is abundantly clear that plaintiff's dispute, and all of the actions plaintiff has taken subsequently, stem from the alleged miscalculation of the amount of back child support owed by plaintiff.  As plaintiff states repeatedly in his complaint, he does not dispute that he owes some amount of back child support, he simply disputes the fact that a three year period he had custody of the child was included in the calculation.  Every claim made by plaintiff, and every grievance listed by plaintiff in his complaint, are

12

inextricably intertwined with this miscalculation.

It is important to note that plaintiff's claims do not challenge the constitutionality of a state law. See Tal, 453 F.3d at 1256 ("A federal case does not involve an 'inextricably intertwined' state court judgment if the complaint challenges the constitutionality of the state law . . . ."). For example, plaintiff does not argue that the a Colorado statute governing child support is unconstitutional. Rather, plaintiff challenges actions taken pursuant to Colorado statutes, not the statutes themselves. Accordingly, plaintiff asserts that actions inextricably intertwined with the state judgment violated his federal rights; plaintiff's claims are not independent from the state judgment. Therefore, regardless of whether plaintiff's claims were addressed on the merits at the state level, such claims may be precluded under the Rooker-Feldman doctrine.

Further, plaintiff states in his complaint that he filed his motion to modify child support specifically to obtain judicial review of the child support miscalculation (and presumably to obtain judicial review of his additional grievances with the administrative review process). The miscalculation issue was before the district court magistrate pursuant to plaintiff's motion, and before the district court judge on plaintiff's petition for review. Plaintiff is plainly claiming that the state determination on the miscalculation, and matters inextricably intertwined with it, violate plaintiff's federal rights. Consequently, any review of plaintiff's claims would necessarily require a review of the state court judgment. This is precisely the situation the Rooker-Feldman doctrine is applicable to.

Indeed, federal court challenges to child support which allege constitutional violations, like in this matter, are routinely dismissed pursuant to the Rooker-Feldman

13

doctrine. See, e.g., Hawks v. Abbott, 365 Fed. Appx. 124 (10th Cir. 2010) (constitutional challenge alleging a miscalculation of child support obligations); Brackman v. Indiana, 93 Fed. Appx. 989 (7th Cir. 2004) (constitutional challenge over the inclusion of veteran benefits in child support calculations where the plaintiff claimed a conspiracy among the defendants); Johnson v. Lockyer, 115 Fed. Appx. 895 (7th Cir. 2004) (constitutional challenge alleging a conspiracy among various state and county agencies to collect already-paid-up child support); Jackson v. Peters, 81 Fed. Appx. 282 (10th Cir. 2003) (finding allegations of defective and unconstitutional procedures in state court proceedings are inextricably intertwined with a child support judgment); Shipley v. Interstate Collections Unit, No. 11-675-CV-W-FJG, 2011 WL 6256967 (W.D.Mo. Dec. 14, 2011) (constitutional challenge to an increase in child support and certain aspects of child support enforcement); Ingersoll v. El Paso Cnty. Child Support Enforcement, No. 11-cv-02779-BNB, 2011 WL 6181432 (D. Colo. Dec. 13, 2011) (constitutional challenge alleging the that child support enforcement division forged court documents and conspired with the police and presiding judge); Krankowski v. O'Neil, No. 08-CV-1595, 2010 WL 1329033 (M.D.Pa. Mar. 26, 2010) (constitutional challenge stemming from a motion to modify child support and alleging a deliberate miscalculation); O'Grady v. Marathon Cnty. Child Support Agency, No. 05-2418 (JNE/JJG), 2006 WL 1715473 (D. Minn. June 19, 2006) (constitutional challenge to state court's calculation and enforcement of child support obligations); Jones v. Pa. Dept. of Public Welfare, No. 03-CV-3610, 2004 WL 1175808 (E.D.Pa. May 27, 2004) (constitutional challenge alleging a conspiracy and claiming the calculation of arrears was wrong).

However lengthy and detailed plaintiff's complaint may be, the core of this matter

is the alleged miscalculation of back child support owed by plaintiff, and is therefore not meaningfully distinguishable from similarly dismissed cases. Accordingly, for the reasons stated above, the court finds that plaintiff's claims are barred under the Rooker-Feldman doctrine and must be dismissed for lack of subject matter jurisdiction.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's claims be dismissed *sua sponte*, consistent with Cory v. Fahlstrom, 143 Fed. Appx. 84, 87 n.1 (10th Cir. 2005), for lack of subject matter jurisdiction. It is further

**RECOMMENDED** that Defendant Young Williams, P.C.'s, and Defendant Jeff Ball's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 15) be **DENIED AS MOOT**. It is further

**RECOMMENDED** that State Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 17) be **DENIED AS MOOT**. It is further

**RECOMMENDED** that Motion to Dismiss Plaintiff's Complaint as to Defendants Board of County Commissioners of El Paso County, William Louis, Toni Hermann and Richard Bengtsson (Docket No. 19) be **DENIED AS MOOT**. It is further

**RECOMMENDED** that Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion to Dismiss Plaintiff's Claim Against Them (Docket No. 34) be **DENIED AS MOOT**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

15

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** <u>Thomas v. Arn</u>**, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** <u>Makin v. Colo. Dep't of Corr.</u>**, 183 F.3d 1205, 1210 (10th Cir. 1999);** <u>Talley v. Hesse</u>**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 22, 2012　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge