# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 12-cv-00096-REB-MJW

ROBERT WAYNE JOHNSON,

    Plaintiff,

v.

JOHN SUTHERS, Attorney General of Colorado, individually and in his official capacity;

JOHN HICKENLOOPER, Governor of Colorado, individually and in his official capacity;

BILL RITTER, former Governor of Colorado, individually and in his official capacity;

REGGIE BICHA, Executive Director, Colorado, Department of Human Services, individually and in his official capacity;

KAREN BEYE, former Executive Director, Colorado, Department of Human Services, individually and in her official capacity;

MARY ANN HICKS, Administrative Program Specialist, Colorado Division of Child Support Enforcement, individually;

MARDI HOUSTON, Evaluation Specialist, Colorado Division of Child Support, individually;

BOARD OF COUNTY COMMISSIONERS, EL PASO COUNTY, in their official capacities;

BILL LOUIS, County Attorney of El Paso County, Colorado, individually and in his official capacity;

RICHARD BENGTSSON, Director, El Paso County Department of Human Services, individually and in his official capacity;

TONI HERMAN, El Paso County Department of Human Services, individually;

LAURA DAVIDSON, former employee of Policy Studies, Inc., individually;

CLAUDIA SMITH-SWAIN, former employee of Policy Studies, Inc., individually;

JONICA BRUNNER, former employee of Policy Studies, Inc. and current employee of

Young Williams, P.C., individually;

MELISSA BALQUIN, former employee of Policy Studies, Inc. and current employee of Young Williams, P.C., individually;

POLICY STUDIES, INC.;

JEFF BALL, current employee of Young Williams, P.C., individually; and

YOUNG WILLIAMS, P.C.,

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS AND MOTION TO DISQUALIFY

**Blackburn, J.**

The matters before me are (1) the plaintiff's **Motion for Sanctions Against Counsel for PSI Defendants** [#71] filed May 23, 2012; and (2) the plaintiff's **Motion To Disqualify United States Magistrate Judge Michael J. Watanabe and Strike Recommendation (ECF No. 66)** [#76] filed June 5, 2012. The PSI defendants filed responses [#82 & #84] to both motions, and the plaintiff filed replies [#87 & #88]. I deny both motions.

### I. MOTION FOR SANCTIONS

In his motion for sanctions [#71], the plaintiff, Robert Wayne Johnson, seeks sanctions under FED. R. CIV. P. 11 against counsel for the defendants associated with defendant Policy Studies, Inc. (PSI). The plaintiff seeks sanctions "for misrepresentations made to the court for improper purposes and in violation of his procedural and substantive rights to due process and equal protection of the laws." *Motion* [#71], p. 2. In his motion Mr. Johnson contends the PSI defendants improperly sought a 60 day extension of time to respond to the complaint. He claims defendant Claudia Smith-Swain attempted to evade service of process and, apparently, concludes

that this is a basis for Rule 11 sanctions against counsel for the PSI defendants. Finally, Mr. Johnson seeks Rule 11 sanctions based on the fact that counsel for the PSI defendants submitted proposed orders with their motion to dismiss [#34] and an associated motion. Mr. Johnson claims these proposed orders were submitted with the corrupt purpose of attempting to persuade a magistrate judge improperly to issue a final ruling on a motion to dismiss.

>FED. R. CIV. P. 11 provides, in relevant part:
>
>(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

FED. R. CIV. P. 11(b)(1) - (3). A finding of bad faith is not necessary to find a violation of the rule. **Colorado Chiropractic Counsel v. Porter Memorial Hospital**, 650 F.Supp. 231, 237 (D. Colo. 1986). The applicable standard is one of objective reasonableness; thus, counsel's subjective good faith belief in the soundness of his position is inadequate to shield him from liability. **White v. General Motors Corp.**, 908 F.2d 675, 680 (10th Cir. 1990).

Mr. Johnson's motion for sanctions fails for both procedural and substantive

reasons. Procedurally, there is no indication in the record that Mr. Johnson complied with the mandatory safe harbor provision of Rule 11(c)(2). The safe harbor provision requires a party who seeks Rule 11 sanctions to serve a copy of the motion for Rule 11 sanctions on the party accused of sanctionable behavior 21 days before the motion is filed. FED. R. CIV. P. 11(c)(2); *Roth v. Green*, 466 F.3d 1179, 1191 - 92 (10th Cir. 2006). Absent compliance with this requirement, a motion for Rule 11 sanctions must be denied. *Id*. at 1191 - 93. On this basis, Mr. Johnson's motion must be denied. In his reply, Mr. Johnson argues that he should be excused from compliance with the requirements of Rule 11(c)(2). *Reply* [#87], p. 6. Even if the court had the authority to excuse such compliance, Mr. Johnson's asserted bases for an excuse from such compliance are not persuasive.

Substantively, Mr. Johnson does not demonstrate in his motion an arguable basis for the imposition of sanctions. Mr. Johnson contends that the PSI defendants' motion [#10] for a 60 day extension of time to respond to the complaint was filed to create unnecessary delays, to harass Mr. Johnson, to increase the cost of litigation, and to increase the billable time for the lawyers representing the PSI defendants. He provides no factual basis for these contentions. Mr. Johnson argues also that the court unfairly granted that motion without awaiting a response. However, Mr. Johnson is not entitled to respond to every motion filed in this case. "Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed." D.C.COLO.LCivR 7.1.C.

Addressing the problems he encountered serving process on two of the individual defendants associated with PSI, Mr. Johnson contends that counsel for the PSI defendants made misrepresentations to the court concerning these two defendants

4

and the status of their legal representation.  Nothing in Mr. Johnson's motion or reply provides a factual basis for his claim that counsel for the PSI defendants made sanctionable misrepresentations on this topic.  Finally, Mr. Johnson argues that counsel for the PSI defendants violated Rule 11 when counsel submitted a proposed order with one or more motions to dismiss.  According to Mr. Johnson, these proposed orders really were a subterfuge by which counsel sought to persuade the magistrate judge to issue a final ruling on the motions to dismiss, even though such a ruling would be beyond the authority of the magistrate judge.  This contention is baseless.  The submission of proposed orders, without more, cannot reasonably be seen as a sanctionable effort to entice a judge to issue rulings he does not have the authority to issue.  In this case, of course, the magistrate judge has issued no such rulings.

In short, Mr. Johnson's motion for sanctions under Rule 11 must be denied because he failed to comply with the plain and mandatory requirements of Rule 11(c)(2).  In addition, Mr. Johnson's motion for sanctions must be denied because he fails to demonstrate in his motion [#71] and reply [#87] any arguable basis for the imposition of Rule 11 sanctions.

In their response [#82], the PSI defendants seek an award of costs, including attorney fees, and other sanctions against Mr. Johnson, based on the fact that Mr. Johnson filed his motion for Rule 11 sanctions.  I deny this request.  However, Mr. Johnson is warned that the court will impose sanctions on him if he files additional motions for sanctions that lack an arguable basis.

## II.  MOTION TO DISQUALIFY

In his motion to disqualify [#76], Mr. Johnson seeks an order disqualifying United States Magistrate Judge Michael J. Watanabe.  At its inception, I referred this case to

Judge Watanabe, and Judge Watanabe has handled many of the proceedings in this case. Mr. Johnson contends that Judge Watanabe must be disqualified because he forestalled pretrial activity for an improper purpose, accepted proposed orders addressing the PSI defendants' motions to dismiss, and allegedly was silent on various issues in this case.

Title 28 U.S.C. § 455 provides:

> a. Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> b. He shall also disqualify himself in the following circumstances:
>
>> i. Where he has a personal bias or prejudice concerning a party, . . .

28 U.S.C. § 455. This section requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). The factual allegations of the affidavit plaintiff has submitted in support of his motion need not be accepted as true, and all relevant facts may be considered in evaluating the motion. ***Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987); *see also **Hall v. Doering***, 185 F.R.D. 639, 642 (D. Kan. 1999); ***United States v. Roberts***, 947 F.Supp. 1544, 1549 (E.D. Okla. 1996). Nevertheless, proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. ***Hinman***, 831 F.2d at 939; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).

Nevertheless, the Tenth Circuit has cautioned that the recusal statutes "must not

6

be so broadly construed that [they] become[], in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. As Congress itself noted in enacting section 455, "each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis." **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). **See also Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). The inquiry therefore is "limited to outward manifestations and reasonable inferences drawn therefrom," **In re McCarthey**, 368 F.3d 1266, 1269 (10th Cir. 2004), and "contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person,'" **United States v. Evans**, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (citation omitted).

Viewing Mr. Johnson's contentions concerning Judge Watanabe from the perspective of a reasonable, well-informed, and objective observer, I find and conclude that there is no basis to conclude that Judge Watanabe has exhibited an appearance of bias, prejudice, or lack of impartiality, or any actual bias, prejudice, or lack of impartiality. Therefore, Mr. Johnson's motion to disqualify is denied.

### III. CONCLUSION & ORDERS

Having reviewed the relevant motions, responses, and replies, as well as the record in this case, I conclude that Mr. Johnson has not demonstrated any valid bases

for the relief he requests in his **Motion for Sanctions Against Counsel for PSI Defendants** [#71] filed May 23, 2012, or his **Motion To Disqualify United States Magistrate Judge Michael J. Watanabe and Strike Recommendation (ECF No. 66)** [#76] filed June 5, 2012.   Both motions are denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That with the consent of the magistrate judge, my general order of reference in this case [#3] filed January 18, 2012, is **WITHDRAWN** as to the plaintiff's **Motion for Sanctions Against Counsel for PSI Defendants** [#71] filed May 23, 2012;

2.  That the plaintiff's **Motion for Sanctions Against Counsel for PSI Defendants** [#71] filed May 23, 2012, is **DENIED**;

3.  That the plaintiff's **Motion To Disqualify United States Magistrate Judge Michael J. Watanabe and Strike Recommendation (ECF No. 66)** [#76] filed June 5, 2012, is **DENIED**.

Dated July 2, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge