**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00096-REB-MJW

ROBERT WAYNE JOHNSON,

    Plaintiff,

v.

JOHN SUTHERS, Attorney General of Colorado, individually and in his official capacity;

JOHN HICKENLOOPER, Governor of Colorado, individually and in his official capacity;

BILL RITTER, former Governor of Colorado, individually and in his official capacity;

REGGIE BICHA, Executive Director, Colorado, Department of Human Services, individually and in his official capacity;

KAREN BEYE, former Executive Director, Colorado, Department of Human Services, individually and in her official capacity;

MARY ANN HICKS, Administrative Program Specialist, Colorado Division of Child Support Enforcement, individually;

MARDI HOUSTON, Evaluation Specialist, Colorado Division of Child Support, individually;

BOARD OF COUNTY COMMISSIONERS, EL PASO COUNTY, in their official capacities;

BILL LOUIS, County Attorney of El Paso County, Colorado, individually and in his official capacity;

RICHARD BENGTSSON, Director, El Paso County Department of Human Services, individually and in his official capacity;

TONI HERMAN, El Paso County Department of Human Services, individually;

LAURA DAVIDSON, former employee of Policy Studies, Inc., individually;

CLAUDIA SMITH-SWAIN, former employee of Policy Studies, Inc., individually;

JONICA BRUNNER, former employee of Policy Studies, Inc. and current employee of

Young Williams, P.C., individually;

MELISSA BALQUIN, former employee of Policy Studies, Inc. and current employee of Young Williams, P.C., individually;

POLICY STUDIES, INC.;

JEFF BALL, current employee of Young Williams, P.C., individually; and

YOUNG WILLIAMS, P.C.,

    Defendants.

# ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) **the Recommendation on (1) Defendant Young Williams, P.C.'s, and Defendant Jeff Ball's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 15), (2) State Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 17), (3) Motion to Dismiss Plaintiff's Complaint as to Defendants Board Of County Commissioners of El Paso County, William Louis, Toni Hermann and Richard Bengtsson (Docket No. 19), and (4) Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion to Dismiss Plaintiff's Claim Against Them (Docket No. 34)** [#66][1] filed May 22, 2012; (2) **Defendant Young Williams, P.C.'s, and Defendant Jeff Ball's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support** [#15] filed February 9, 2012; (3) **State Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement** [#17] filed February 9, 2012; (4) **Motion to Dismiss**

---

[1] "[#66]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Plaintiff's Complaint as to Defendants Board Of County Commissioners of El Paso County, William Louis, Toni Hermann and Richard Bengtsson** [#19] filed February 10, 2012; (5) **Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion to Dismiss Plaintiff's Claim Against Them** [#34] filed April 5, 2012; and (6) **Defendant Laura Davidson's Joinder In Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion To Dismiss** [#42] filed April 11, 2012.  The plaintiff filed objections [#80] to the recommendation.  The El Paso County defendants and the Policy Studies Inc. defendants both filed responses [#83 & #86] to the plaintiff's objections. I overrule the plaintiff's objections, approve and adopt the recommendation, deny the defendants' motions to dismiss, and dismiss this case for lack of subject matter jurisdiction.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The claims of the plaintiff, Robert Johnson, concern his contention that his rights have been violated in the course of efforts to enforce Mr. Johnson's court-ordered child support obligation.  In Case No. 1996DR1112, the District Court of El Paso County, Colorado ordered Mr. Johnson to pay child support.  On September 17, 2008, Mr.

Johnson's ex-wife instituted a child support enforcement case to collect back child support from Mr. Johnson. Mr. Johnson does not dispute that he owes some back child support, but he does dispute the amount he owes. In September 2009 Mr. Johnson filed a motion in state court to modify his child support obligation. On January 31, 2010, a magistrate in the El Paso County District Court entered an order establishing the amount of the arrearage owed by Mr. Johnson under the court's child support order. A district judge of the El Paso County District Court affirmed that order.

Mr. Johnson's complaint [#1] in this case is 154 pages long.[2] Obviously, Mr. Johnson describes in his complaint more than the orders of the El Paso County District Court concerning his child support obligation. Among many other topics, Mr. Johnson addresses in his complaint the procedures allegedly undertaken by state and county officials to determine the amount by which he is in arrears on his child support obligation and to enforce that obligation.

In addition, Mr. Johnson describes the alleged role of defendant Policy Studies Inc. (PSI) and its employees in determining and enforcing Mr. Johnson's child support obligation. Mr. Johnson alleges that PSI was a contractor for El Paso County for the purpose of child support enforcement. According to Mr. Johnson, the actions of the defendants and others caused the amount of his child support arrearage to be miscalculated.

Most of the procedures described by Mr. Johnson are essentially administrative procedures that preceded the orders of the El Paso County District Court establishing

---

[2] Although not at issue in the recommendation, I conclude that Mr. Johnson's complaint [#1] does not comply with the most basic requirement of FED. R. CIV. P. 8. Rule 8 requires, *inter alia*, a "short and plain statement of the claim showing the pleader is entitled to relief." Mr. Johnson's statement of his claims in his complaint is neither short nor plain.

4

the amount of Mr. Johnson's child support arrearage. Allegedly, the defendants named in the complaint played some role in these procedures, and Mr. Johnson claims the defendants violated his rights in the course of these procedures.

Dissatisfied with the determinations of the El Pasto County Child Support Enforcement Unit and the Colorado Division of Child Support Enforcement concerning the amount of the child support arrearage owed by Mr. Johnson, Mr. Johnson filed a motion with the El Paso County District Court to modify his child support obligation and to move the child support enforcement case to that court for judicial review. *Complaint*, ¶¶ 131 - 132, pp. 85 - 86. As described by Mr. Johnson, the administrative procedures and Mr. Johnson's efforts to seek judicial review of those procedures led to one or more hearings and various motions filed with the El Paso County District Court. Ultimately, orders issued by that court determined the amount of the arrearage on Mr. Johnson's child support obligation. *See, e.g., Complaint* [#1], ¶¶ 144 - 178, pp. 88 - 104. In the end, Mr. Johnson contends, the erroneously calculated child support arrearage amount was approved by the El Paso County District Court and has been enforced against Mr. Johnson.

The magistrate judge recommends that this case be dismissed for lack of subject matter jurisdiction because Mr. Johnson's claims are barred under the **Rooker-Feldman** doctrine. If a claim is barred under the **Rooker-Feldman** doctrine, then the federal courts do not have subject matter jurisdiction over the claim.[3] **Crutchfield v. Countrywide Home Loans**, 389 F.3d 1144, 1147 (10th Cir. 2004), *overruled in part on*

---

[3] The defendants have not asserted the **Rooker-Feldman** doctrine as a basis for dismissal of the plaintiff's complaint. However, a court must consider its subject matter jurisdiction *sua sponte* if its subject matter jurisdiction is in question. **See, e.g., Hardiman v. Reynolds**, 971 F.2d 500, 502 (10th Cir. 1992). The **Rooker-Feldman** doctrine implicates the court's subject matter jurisdiction.

5

*other grounds by* **Exxon Mobil v. Saudi Basic Industries Corp.**, 544 U.S. 280 (2005).

On June 22, 2012, one month after the recommendation of the magistrate judge was filed, the United States Court of Appeals for the Tenth Circuit issued an opinion in which it reviewed the application of the **Rooker-Feldman** doctrine. **Campbell v. City of Spencer**, ___ F.3d ___, 2012 WL 2362613 (10th Cir. 2012). I review the plaintiff's complaint, the recommendation, the plaintiff's objections, and the other relevant filings in light of the guidance provided recently in **Campbell**.

In **District of Columbia Court of Appeals v. Feldman**, the case that provides the Feldman portion of the name **Rooker-Feldman**, the Supreme Court used the phrase "inextricably intertwined" to describe the type of claim which, when asserted in federal court, is barred by the **Rooker-Feldman** doctrine.

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

460 U.S. 462, 483 (1983). In **Campbell**, the Tenth Circuit noted that the Supreme Court subsequently has eschewed use of the phrase "inextricably intertwined" in the **Rooker-Feldman** analysis.

> (T)he Supreme Court has reformulated the **Rooker–Feldman** doctrine, apparently out of concern that the doctrine "ha[d] sometimes been construed to extend far beyond the contours of the **Rooker** and **Feldman** cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." **Exxon Mobil [v. Saudi Basic Industries Corp.]**, 544 U.S. [280,] at 283 [(2005)]. Eschewing the inextricably-intertwined language, it wrote:
>
>> The **Rooker–Feldman** doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

> district court proceedings commenced and inviting district
> court review and rejection of those judgments.
>
> *Id.* at 284. We think it best to follow the Supreme Court's lead, using the
> ***Exxon Mobil*** formulation and not trying to untangle the meaning of
> inextricably intertwined. The essential point is that barred claims are those
> "complaining of injuries caused by state-court judgments." *Id.* In other
> words, an element of the claim must be that the state court wrongfully
> entered its judgment.

***Campbell***, ___ F.3d at ___, 2012 WL 2362613 at *4 - *5 (10th Cir. 2012).

The ***Rooker-Feldman*** standard of review recited by the Tenth Circuit in ***Campbell*** is, in essence, the standard of review cited by the magistrate judge in his recommendation. *Recommendation* [#66] pp. 9 - 10. In analyzing the plaintiff's claims, however, the magistrate judge concluded that Mr. Johnson's claims are based on "actions inextricably intertwined with the state judgment" and that the plaintiff's claims are not independent from the state judgment. *Recommendation* [#66], p. 12. Because the inextricably intertwined language now is disfavored in analyzing ***Rooker-Feldman*** issues, I evaluate Mr. Johnson's claims under the standard refined last week in ***Campbell***.

Following 151 pages of factual allegations, Mr. Johnson defines his four claims on pages 152 through 154 of his complaint. In his first claim, Mr. Johnson claims the Colorado Department of Human Services and the El Paso County Department of Human Services have an unwritten policy to deny the plaintiff his rights under the Fourteenth Amendment. In his second claim, Mr. Johnson asserts that the Colorado Department of Human Services and the El Paso County Department of Human Services have an unwritten policy to deny the plaintiff his rights under the Constitution of the State of Colorado. Reading the complaint as a whole, I conclude that the alleged policy to deny Mr. Johnson his constitutional rights concerns the alleged miscalculation of Mr.

7

Johnson's child support obligation. In both his first and second claims, Mr. Johnson seeks a declaratory judgment without specifying the nature of the declaratory judgment he seeks.

In his third claim, Mr. Johnson again asserts a violation of his rights under the Fourteenth Amendment, and asks that the "cases presently before the El Paso County District and County Courts . . .be stayed and enjoined . . . ." In his fourth claim, Mr. Johnson alleges that all of the defendants other than the Colorado Department of Human Services and the El Paso County Department of Human Services have violated his rights under the Fourteenth Amendment. In his general prayer for relief, Mr. Johnson seeks: (1) a declaration that the alleged unwritten policy to violate Mr. Johnson's rights be declared to be unconstitutional; (2) an order enjoining "case numbers 2011CV229 and 1996DR001112/1996C014418;" (3) compensatory damages; and (4) attorney fees and costs.

Each of Mr. Johnson's claims is dependent on his contention that the amount of his child support arrearage was miscalculated. As described in the complaint, Mr. Johnson sought and obtained a determination of that amount from the El Paso County District Court. In each of his claims in the present case, Mr. Johnson challenges the propriety of that determination. Each of Mr. Johnson's claims is a claim brought by a state-court loser complaining of injuries caused by a state-court judgment rendered before proceedings in the above-captioned case commenced. Most important, Mr. Johnson asks this court to review and reject the determinations of the state court.

Of course, Mr. Johnson contends that some of the defendants violated his rights before the state court issued its orders determining the amount of Mr. Johnson's child support arrearage. The core of those alleged violations, as described by Mr. Johnson,

8

is the alleged miscalculation of Mr. Johnson's child support arrearage during essentially administrative proceedings.  At Mr. Johnson's behest, the El Paso County District Court reviewed the determination made in the administrative proceedings and arrived a a determination of the amount of Mr. Johnson's child support arrearage.  A determination by this court that the amount of Mr. Johnson's child support arrearage was miscalculated, at any stage of the process, would constitute a determination by this court that the state court's orders were wrongful.  Stated more directly, Mr. Johnson's claims have merit only if the state-court's orders concerning Mr. Johnson's arrearage on his child support obligation were incorrect and unlawful.  Given this legal landscape, Mr. Johnson's claims are barred under the ***Rooker-Feldman*** doctrine.  This court does not have subject matter jurisdiction over Mr. Johnson's claims.

**THEREFORE, IT IS ORDERED** as follows:

1.  That supplemented with the analysis stated in this order, the **Recommendation on (1) Defendant Young Williams, P.C.'s, and Defendant Jeff Ball's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 15), (2) State Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 17), (3) Motion to Dismiss Plaintiff's Complaint as to Defendants Board Of County Commissioners of El Paso County, William Louis, Toni Hermann and Richard Bengtsson (Docket No. 19), and (4) Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion to Dismiss Plaintiff's Claim Against Them (Docket No. 34)** [#66] filed May 22, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the objections stated in the plaintiff's **Objection To Recommendation of United States Magistrate Judge Michael J. Watanabe (ECF No. 66)** [#80] filed

June 5, 2012, are **OVERRULED**;

    3.  That this case is **DISMISSED** for lack of subject matter jurisdiction because the plaintiff's claims are barred under the *Rooker-Feldman* doctrine;

    4.  That **Defendant Young Williams, P.C.'s, and Defendant Jeff Ball's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support** [#15] filed February 9, 2012, is **DENIED** as moot;

    5.  That the **State Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement** [#17] filed February 9, 2012, is **DENIED** as moot;

    6.  That the **Motion to Dismiss Plaintiff's Complaint as to Defendants Board Of County Commissioners of El Paso County, William Louis, Toni Hermann and Richard Bengtsson** [#19] filed February 10, 2012, is **DENIED** as moot;

    7.  That the **Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion to Dismiss Plaintiff's Claim Against Them** [#34] filed April 5, 2012, is **DENIED** as moot;

    8.  That **Defendant Laura Davidson's Joinder In Defendants Policy Studies Inc.'s, Melissa Balquin's, and Jonica Brunner's Motion To Dismiss** [#42] filed April 11, 2012, is **DENIED** as moot;

    9.  That judgment **SHALL ENTER** in favor of the defendants, John Suthers, John Hickenlooper, Bill Ritter, Reggie Bicha, Karen Beye, Mary Ann Hicks, Mardi Houston, Board of County Commissioners, El Paso County, Bill Louis, Richard Bengtsson, Toni Herman, Laura Davidson, Claudia Smith-swain, Jonica Brunner, Melissa Balquin, Policy Studies, Inc., Jeff Ball, and Young Williams, P.C., against the plaintiff, Robert Wayne Johnson, as to all claims for relief and causes of action asserted in this action; and

      9.  That defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

     Dated July 3, 2012, at Denver, Colorado.

                                          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge