**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00096-REB-MJW

ROBERT WAYNE JOHNSON,

     Plaintiff,

v.

JOHN SUTHERS, Attorney General of Colorado, individually and in his official capacity;

JOHN HICKENLOOPER, Governor of Colorado, individually and in his official capacity;

BILL RITTER, former Governor of Colorado, individually and in his official capacity;

REGGIE BICHA, Executive Director, Colorado, Department of Human Services, individually and in his official capacity;

KAREN BEYE, former Executive Director, Colorado, Department of Human Services, individually and in her official capacity;

MARY ANN HICKS, Administrative Program Specialist, Colorado Division of Child Support Enforcement, individually;

MARDI HOUSTON, Evaluation Specialist, Colorado Division of Child Support, individually;

BOARD OF COUNTY COMMISSIONERS, EL PASO COUNTY, in their official capacities;

BILL LOUIS, County Attorney of El Paso County, Colorado, individually and in his official capacity;

RICHARD BENGTSSON, Director, El Paso County Department of Human Services, individually and in his official capacity;

TONI HERMAN, El Paso County Department of Human Services, individually;

LAURA DAVIDSON, former employee of Policy Studies, Inc., individually;

CLAUDIA SMITH-SWAIN, former employee of Policy Studies, Inc., individually;

JONICA BRUNNER, former employee of Policy Studies, Inc. and current employee of Young Williams, P.C., individually;

MELISSA BALQUIN, former employee of Policy Studies, Inc. and current employee of

Young Williams, P.C., individually;

POLICY STUDIES, INC.;

JEFF BALL, current employee of Young Williams, P.C., individually; and

YOUNG WILLIAMS, P.C.,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion To Rescind Rulers Final Order**

[#101][1] field November 7, 2013.  I deny the motion.

    Tlaintiff is proceeding *pro se*. Thus, I continue to construe his pleadings more

liberally and hold them to a less stringent standard than formal pleadings drafted by

lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d

1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing

**Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

    On July 3, 2012, **Final Judgment** [#92] entered in favor of the defendants against

the plaintiff.  Judgment entered because the court lacked subject matter jurisdiction. *Order*

[#91].  In his present motion, the plaintiff appears to ask the court to reconsider and

withdraw its order dismissing this case.

    The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an
> intervening change in the controlling law, (2) new evidence
> previously unavailable, and (3) the need to correct clear
> error or prevent manifest injustice.  Thus, a motion for

---

[1]  "[#101]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> reconsideration is appropriate where the court has
> misapprehended the facts, a party's position, or the
> controlling law.  It is not appropriate to revisit issues already
> addressed or advance arguments that could have been
> raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations

omitted).  The plaintiff does not claim or circumstantiate a ground for reconsideration.

Munificently, the plaintiff's motion could be read as a motion to alter or amend the

judgment under FED. R. CIV. P. 59(e), or a motion for relief from judgment under FED. R.

CIV. P. 60(b).  However, the motion was filed far outside of the 28 day deadline specified

in Rule 59(e), and it was not filed within a reasonable time after judgment, as required

by Rule 60(b).  Thus, even viewed as a motion under Rules 59(e) or 60(b), the motion is

denied as untimely.

Instead, the plaintiff merely makes a series of statements evidencing his

dissatisfaction with the rulings of this court and other courts.  The plaintiff's mere

disagreement with my order provides no proper basis on which to reconsider the

matters determined previously in this case or to grant any relief from the extant

judgment.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion To Rescind Rulers**

**Final Order** [#101] filed November 7, 2013, is **DENIED**.

Dated November 12, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

3