# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 12-cv-00096-REB-MJW

ROBERT WAYNE JOHNSON,

    Plaintiff,

v.

JOHN SUTHERS, Attorney General of Colorado, individually and in his official capacity;

JOHN HICKENLOOPER, Governor of Colorado, individually and in his official capacity;

BILL RITTER, former Governor of Colorado, individually and in his official capacity;

REGGIE BICHA, Executive Director, Colorado, Department of Human Services, individually and in his official capacity;

KAREN BEYE, former Executive Director, Colorado, Department of Human Services, individually and in her official capacity;

MARY ANN HICKS, Administrative Program Specialist, Colorado Division of Child Support Enforcement, individually;

MARDI HOUSTON, Evaluation Specialist, Colorado Division of Child Support, individually;

BOARD OF COUNTY COMMISSIONERS, EL PASO COUNTY, in their official capacities;

BILL LOUIS, County Attorney of El Paso County, Colorado, individually and in his official capacity;

RICHARD BENGTSSON, Director, El Paso County Department of Human Services, individually and in his official capacity;

TONI HERMAN, El Paso County Department of Human Services, individually;

LAURA DAVIDSON, former employee of Policy Studies, Inc., individually;

CLAUDIA SMITH-SWAIN, former employee of Policy Studies, Inc., individually;

JONICA BRUNNER, former employee of Policy Studies, Inc. and current employee of

Young Williams, P.C., individually;

MELISSA BALQUIN, former employee of Policy Studies, Inc. and current employee of Young Williams, P.C., individually;

POLICY STUDIES, INC.;

JEFF BALL, current employee of Young Williams, P.C., individually; and

YOUNG WILLIAMS, P.C.,

    Defendants.

# ORDER DENYING MOTION

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Permission To Openly Approach the Courts Domain** [#103][1] field November 12, 2013.  I deny the motion.

Plaintiff is proceeding pro se.  Thus, I continue to construe his pleadings and other filings more liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  See *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519,520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

In his motion [#103], the plaintiff makes a series of statements evidencing his dissatisfaction with the rulings of this court and other courts.  He does not request any specific relief, although he implicitly requests that this court reverse its previous rulings

---

[1] "[#103]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

in this case. Yesterday, I entered an **Order Denying Motion To Reconsider** [#102] denying the plaintiff's **Motion To Rescind Rulers Final Order** [#101]. In that motion [#101], the plaintiff stated his dissatisfaction with the rulings of this court and other courts. For the reasons stated in my **Order Denying Motion To Reconsider** [#102], I deny the plaintiff's present motion [#103].

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion for Permission To Openly Approach the Courts Domain** [#103] field November 12, 2013, is **DENIED**.

Dated November 13, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge